IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | |
|---|---|
| RUDOLPH SHAWN GAGUSKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 313-066 |
| | ) |
| JACK MEDLIN, Warden, et. al., | ) |
| | ) |
| Defendants. | ) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, an inmate incarcerated at Wheeler Correctional Facility ("WCF") in Alamo, Georgia, commenced the above-captioned case pursuant to 42 U.S.C. § 1983. Because he is proceeding *in forma pauperis* ("IFP"), Plaintiff's amended complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

I.  **SCREENING OF THE COMPLAINT**

   A.  **BACKGROUND**

Plaintiff names the following Defendants in his complaint: (1) Jack Medlin, Warden; (2) FNU Kowalkowski, Doctor; (3) WCF; (4) the Medical Department at WCF; and (5) Wheeler County, Georgia. (Doc. no. 1, pp. 1.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

Plaintiff was receiving five medications when he was transferred to WCF. (Id. at 2.) He also is supposed to see a neurologist for a "life threatening brain hema toma [sic] bleed that he sustained in Nov[ember] 2011." (Id.) Plaintiff states that he is no longer receiving one of his five medications, Wellbutrin, and is not receiving pain medications despite submitting medical

requests, grievances, and letters to Defendant Medlin requesting them. (Id.) Defendant Medlin moved Plaintiff to a "locked down dorm" in retaliation for Plaintiff requesting help and "has gotten" the doctor to stop the medication and medical treatment. (Id.)

Defendant Medlin and unnamed staff are aware of his medical needs and the seriousness of his condition. Plaintiff seeks relief in the form of money damages, including compensatory and punitive damages against Wheeler County, Georgia because the actions took place there, and compensatory and punitive damages against WCF because they have "this kind of policy to allow this kinds of actions and denial [sic]." (Id. at 3-4.)

### B. DISCUSSION

#### 1. Legal Standard for Screening.

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (*per curiam*) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the amended complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil

Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. An amended complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the amended complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972) (*per curiam*); Erickson v. Pardus, 551 U.S. 89, 94 (2007) (*per curiam*). However, this liberal construction does not mean that the court has a duty to re-write the amended complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Claim Against Defendant Wheeler County, Georgia.

Plaintiff's allegation that Wheeler County, Georgia is liable because the alleged violations occurred within the county fails to state a claim. To impose § 1983 liability on the County, Plaintiff must show: (1) that his constitutional rights were violated; (2) that the county had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Plaintiff "must show that [the defendant] had a custom or practice of permitting it and that [the defendant's] custom or practice was the moving force behind the constitutional violation." Craig v. Floyd County, Georgia, 643 F.3d 1306, 1310 (11th Cir. 2011) (quoting Grech v. Clayton County, Georgia, 335 F.3d 1326, 1330 (11th Cir. 2003) (internal punctuation and quotation removed). For a county to be liable there must ordinarily be a "pattern of similar constitutional violations." Id. (quoting Connick v. Thompson, 131 S.Ct.

3

1350, 1360 (2011)). There "must be such a 'longstanding and widespread practice [that the violation] is deemed authorized by the policymaking officials because they must have known about it but failed to stop it.'" Id. (quoting Brown v. City of Fort Lauderdale, 923 F.2d 1474, 1481 (11th Cir. 1991)).

Here, Plaintiff has not alleged a custom or practice by Wheeler County that constituted deliberate indifference to any of Plaintiff's constitutional rights. Indeed, Plaintiff admits that he named Wheeler County, Georgia as a Defendant merely because WCF is located in that county. Therefore, Plaintiff has failed to state a viable claim against Defendant Wheeler County, Georgia and they must be dismissed from this action.

### 3.  WCF Is Not Subject to Liability in a § 1983 Suit.

Additionally, Plaintiff's allegations are insufficient to state a claim against WCF, which is not subject to liability in a § 1983 suit. According to Fed. R. Civ. P. 17(b)(3), the general rule is that the "capacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Accordingly, in this case, Georgia law controls. The Georgia Supreme Court has explained that: "[i]n every suit there must be a legal entity as the real plaintiff and the real defendant. This state recognizes only three classes as legal entities, namely: (1) natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as the law recognizes as being capable to sue." Georgia Insurers Insolvency Pool v. Elbert County, 368 S.E.2d 500, 502 (1988) (quotation omitted).

Jails and prisons are not legal entities subject to liability in § 1983 claims. E.g., Sampson v. Bess, CV 313-020, 2013 WL 4078218, at *5-*6 (S.D. Ga. Aug. 12, 2013) (finding that WCF is not subject to liability in a § 1983 suit); Smith v. Chatham Cnty. Sheriff's Dep't, No. CV 412-224, 2012 WL 5463898, at *2, (S.D. Ga. Oct. 22, 2012) ("[T]he [county jail] is not a legal entity capable of being sued"); Sebastian v. Maynard, No. 5:10-CV-221, 2010 WL 3395040, at *2 (M.D. Ga. July 12, 2010) (holding that county detention

4

center "is not a legal entity that is subject to suit under 42 U.S.C. § 1983"); Bolden v. Gwinnett Cnty. Det. Ctr. Med. Admin. Med. Doctors, No. 1:09-CV-1966, 2009 WL 2496655, at *1 (N.D. Ga. Aug. 12, 2009) ("Jails . . . are not legal entities subject to suit under § 1983 at all."). Thus, WCF is not subject to liability for any of the allegations in Plaintiff's complaint.

### 4. Plaintiff Fails to State a Claim for Deliberate Indifference.

Plaintiff's allegation that Defendants have stopped his medication and medical treatment following his transfer to WCF also fails to state a claim. As an initial matter, Plaintiff alleges that this denial of medication and medical care constitutes both a violation of his rights under the Eighth Amendment and under the Due Process Clause. Individuals who have already been convicted of a crime and incarcerated for that crime who claim denial of medical care present an Eighth Amendment claim, Estelle v. Gamble, 429 U.S. 97, 101-06 (1976), while this same claim proceeds under the Due Process Clause of the Fourteenth Amendment if the plaintiff is a pretrial detainee, Graham v. Connor, 490 U.S. 386, 396 n.10 (1989). Nevertheless, the standard for proceeding under either amendment is the same. Gary v. Modena, 05-16973, 2006 WL 3741364, at *4 (11th Cir. Dec. 21, 2006) ("[D]ue process requires that prison officials provide all persons in state custody such basic human needs as medical care, regardless of whether the persons have been incarcerated or are being held in detention.")

To state a claim for deliberate indifference to serious medical needs, Plaintiff must allege that: (1) he had an objectively serious medical need, (2) a defendant acted with deliberate indifference to that need, and (3) his injury was caused by a defendant's wrongful conduct. Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007); see also Thomas v. Bryant, 614 F.3d 1288, 1317 n.29 (11th Cir. 2010) (noting that a plaintiff must "show a causal connection between the constitutional violation and his injuries" to prevail on any § 1983 claim).

To satisfy the first prong, a prisoner's medical need must have been "diagnosed by a physician as mandating treatment or . . . is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Goebert, 510 F.3d at 1326 (quoting Hill v. Dekalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir.1994)). To satisfy the second prong, Plaintiff must allege that a defendant: (1) was subjectively aware of a serious risk to Plaintiff's health, and (2) disregarded that risk by (3) following a course of action which constituted "more than mere negligence." Id.

Furthermore, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Id. at 1243. The Eighth Amendment does not mandate that the medical care provided to the prisoner "be perfect, the best obtainable, or even very good." Harris v. Thigpen, 941 F.2d 1495, 1510 (11th Cir. 1991) (quoting Brown v. Beck, 481 F. Supp. 723, 726 (S.D. Ga. 1980) (Bowen, J.)). As the Supreme Court has explained:

> [A]n inadvertent failure to provide medical care cannot be said to constitute "an unnecessary and wanton infliction of pain" or to be "repugnant to the conscience of mankind." Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle, 429 U.S. at 105-06 (1976). Thus, mere allegations of negligence or malpractice do not amount to deliberate indifference. Campbell v. Sikes, 169 F.3d 1353, 1363-72 (11th Cir. 1999) (explaining that medical malpractice cannot form the basis for Eighth Amendment liability); Harris, 941 F.2d at 1505. Furthermore, the Eleventh Circuit has consistently held that a mere difference of opinion between an inmate and prison medical officials over a diagnosis or course of treatment does not support a claim of deliberate indifference. See Smith v. Fla. Dep't of Corr., 375 F. App'x 905, 910 (11th Cir. 2010) (*per curiam*).

Here, Plaintiff fails to satisfy the second prong of the requisite test, in that he has failed to allege that any defendant subjectively acted with deliberate indifference to his health or well-being. According to Plaintiff, he was receiving five medications when he was transferred to WCF and was subsequently taken off one of them, Wellbutrin, by the medical staff at WCF. (Doc. no. 1, p. 2.) Additionally, Plaintiff complains that he is not receiving pain medications and is no longer seeing a neurologist for his brain hematoma. (Id.) Plaintiff has not alleged that he is not receiving any medication or medical treatment for his conditions, but merely alleges that he should be receiving additional medication and treatment. As such, Plaintiff's complaints amount to no more than a disagreement with his medical care providers over the course of his treatment, which is insufficient to state a claim of deliberate indifference. Smith, 375 F. App'x at 910. Nor has Plaintiff alleged that this change in the course of his treatment has caused any injury. See Goebert, 510 F.3d at 1326. Accordingly, Plaintiff has failed to state a viable deliberate indifference claim against any defendant and this claim is subject to dismissal.

### 5. Plaintiff Fails to State a Claim Under the Equal Protection Clause.

Plaintiff makes the conclusory and unsupported allegation that the misconduct alleged in his complaint violated his right to equal protection. "To establish an equal protection claim, a prisoner must demonstrate that (1) he is similarly situated with other prisoners who received more favorable treatment; and (2) his discriminatory treatment was based on some constitutionally protected interest such as race." Jones v. Ray, 279 F.3d 944, 946-47 (11th Cir. 2001) (*per curiam*); see also Elston v. Talladega County Bd. of Educ., 997 F.2d 1394, 1406 (11th Cir.1993) (requiring plaintiff to demonstrate that challenged action was motivated by an intent to discriminate in order to establish equal protection violation).

Here, Plaintiff does not meet these criteria. Plaintiff does not allege that he is similarly situated with other prisoners who received more favorable treatment. Plaintiff also fails to

allege that he was denied his medication or medical treatment based on some constitutionally protected interest, as he does not allege the action was taken for any discriminatory reason. Therefore, Plaintiff has failed to state a federal equal protection claim upon which relief may be granted.

### 6. Plaintiff Fails to State a Claim for Retaliation.

Lastly, Plaintiff makes a vague and conclusory allegation that Defendant Medlin moved Plaintiff from an open dorm to a "locked down dorm" for asking for help. Under the First Amendment, prison officials may not retaliate against inmates for exercising the right of free speech. Farrow v. West, 320 F.3d 1235, 1248 (11th Cir. 2003). "To prevail on a retaliation claim, the inmate must establish that: '(1) his speech was constitutionally protected; (2) the inmate suffered adverse action such that the [official's] allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action [the disciplinary punishment] and the protected speech . . . .'" O'Bryant v. Finch, 637 F.3d 1207, 1212 (11th Cir. 2011).

Although Plaintiff's complaint alleges that a constitutional violation occurred, the complaint fails to allege facts that associate Defendant Medlin with the purported violation, or that establish a causal connection between the punishments and Plaintiff's protected speech. Plaintiff simply states that Defendant Medlin "had Plaintiff moved from an open dorm to a locked down [d]orm for [r]etaliation." (Doc. no. 1, p. 2.) This assertion does not raise Plaintiff's vague and conclusory statements above the speculative level, see Williams v. Brown, 347 F. App'x 429, 435 (11th Cir. 2009) (citing Twombly, 550 U.S. at 555), nor has Plaintiff alleged any chronology of events or temporal proximity between the protected speech and the retaliatory action that creates a plausible inference of retaliation, see Cranford v. Hammock, No. 1:09-CV-00070-MP-AK, 2010 WL 916031, at *8 (N.D. Fla. Mar. 11, 2010).

**III. CONCLUSION**

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 23rd day of May, 2014, at Augusta, Georgia.

/s/ Brian K. Epps
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA